All right, final case on the docket today, People v. Gideon, cause number 5-12-0120, and Mr. Edwards, you're up first. I was really hoping to be able to say good morning. I thought you'd be able to say that too. I'm Dan Edwards. You may remember I went to law school with you. I recall L1, yes. This is a case of People v. Randy Gideon. It's a post-conviction case. He pled guilty in a circuit court of criminal sexual assault. This case involves an application of the Illinois Supreme Court's decision in People v. Whitfield, which said that you really have to be careful with how you impose MSR in negotiating guilty pleas. In this case, the negotiation simply announced that there was going to be 11 1⁄2 years' imprisonment imposed. There was no statement that there was an agreement about MSR being imposed. That announcement of the plea agreement went and then was completed, and then during admonishments about under Rule 402, the court realized that there was some kind of problem and was attempting to correct what that problem would be, but did not actually make clear on the record what was going to be happening with this negotiation. The court record did say, so once you get out, you'll be on mandatory supervised release for two years. He said attached to the end of that sentence is two-year mandatory supervised release. That's what he said. And before that, he asked the state, and mandatory supervised release is attached to this, and the state said yes. And defense counsel, the only thing he said is he nodded his head. That's what the record shows. And sometime during the admonishments, the judge does then have the defendant say or says that he understands that MSR is going to be imposed. So nowhere in there is his statement that that was his understanding of the plea negotiations and what the sentence was going to be. It's our argument here that this is something that caused Mr. Gideon not to really understand the consequences of the plea. And one of the things that this court has to really start to be concerned with is that just simply mentioning MSR does not really put people on notice that you might be in prison for longer than what you're agreeing to. The agreement was for 11 1⁄2 years imprisonment with 85 percent good time for credit. If the MSR term is not really made as part of the negotiations, as part of what the defendant is agreeing to up front, then this talk about the MSR later does not put him on notice about what the term of imprisonment might be later. And he could be held in prison longer than 11 1⁄2 years within the discretion of the Department of Corrections. Consequently, we would ask, Your Honors, to use the equitable remedy provided in People v. Whitfield, which is to reduce the 11 1⁄2 year sentence to 9 1⁄2 years. Are there no other questions, Your Honors? Thank you very much. Thank you, Mr. Gravers. Ms. Hopkins? May it please the Court, counsel, Whitney Atkins for the State of Illinois. This Court is very familiar with the rule that it is precluded from reviewing issues that the defendant did not clearly set forth in his post-conviction petition. That well-established rule applies here today because the sole issue that the defendant raises on appeal, that he was not admonished of, that he would be required to serve a two-year term of MSR following his prison for sexual assault in accordance with Whitfield, appears nowhere in his post-conviction petition, and he alleges that this issue arises out of his post-conviction petition. The only mention of MSR in his post-conviction petition is that the State failed to mention the MSR term when it went over the terms of the agreement. The defendant in his post-conviction petition asserts that because the State did not mention this term, it breached its plea agreement, but that this error was actually corrected when the State, I mean, excuse me, when the Court admonished him of the MSR term. So his petition actually belies the error he now raises on appeal. So this Court really need not go any further, but if this Court does choose to look into the substance of his claims, it will find that there was no Whitfield violation and the defendant's claim is meritless. At the plea hearing, the State's attorney went over the terms of the plea, and the State's attorney did not mention the term of MSR. But then an exchange took place between the Court, the defendants, and the attorneys, which you just mentioned earlier, but I would like to go over it in a little bit of detail and quote that actual exchange as it is sort of at the helm of the defendant's issue. So the Court states, mandatory supervisor released, and there is that attached to this. Is that correct, Ms. Irvin? The State's attorney states, yes, Your Honor. The Court says, and right, Mr. Katz? The defendant's attorney nods his head. The Court then states, it's two years in respect to this case. That's what's called parole in most states. So once you get out, you'll be on mandatory supervised release for at least two years. For two years. Do you understand? Defendant states, yes, sir. Then once the Court accepts the agreement and sentences the defendant, the Court then states, attached to the end of that sentence is a two-year mandatory supervised release term. So, I mean, it's as clear as it can be. The defendant was admonished that he was required to serve two years of MSR following his prison sentence for criminal sexual assault. He didn't make these admonishments in the context of potential penalties, but in the context of what his actual sentence would be. And that's what is required of Whitfield. The defendant mentioned that the trial courts cannot simply mention MSR. But this trial court here didn't simply mention MSR. It put it into the context that was clear and that would inform the defendant of the mandatory supervised release he would actually have to serve. So, while the State maintains that the defendant was properly admonished of mandatory supervised release in accordance with Whitfield, even if the defendant had not been admonished of his MSR term in compliance with Whitfield, his sentence is still valid. And that is because the law in Illinois is that when a defendant is not admonished of his MSR term, but the court has not promised the defendant a specific sentence, and the sentence imposed, including the MSR term, is less than the maximum that the defendant was admonished, then the sentence is still valid. And those two requirements are here. The defendant was admonished that the maximum term he would be sentenced to as he was found guilty was 15 years. And that is less than the 11 1⁄2 years plus 2 years of MSR that he was actually sentenced to. Now, in the defendant's reply brief, he takes issue with the State's characterization of the defendant's plea deal as an open plea. But Whitfield actually defines an open plea as any plea where the court did not promise the defendant a specific sentence and where the defendant was admonished of a maximum term if he were to be found guilty. So under Whitfield, the defendant entered into an open plea. And Whitfield actually draws a distinction between open pleas and pleas for specific sentences. And Whitfield declines to extend its opinion to open pleas where the sentence imposed is less than the admonished maximum. So for those reasons, we ask that this court affirm the judgment below. Thank you, Justice. Any rebuttal on Mr. Abel? Very shortly, Your Honor. The record is the record. And what the court says at that guilty plea hearing is part of the record. And he does talk about MSR. The real question is what is really being talked about as attached. And that simply caused confusion. And instead of saying the plea agreement includes this MSR term and having both the state and the defense counsel affirmatively say that and then the defendant acknowledging that that was what the plea agreement was, that is the proper thing for the court to do, to say that MSR is attached. Well, we as attorneys and judges know that MSR has to be served by all people imprisoned in Illinois. That does not mean defendants before the court really understand that or have been really fully informed about that. And the negotiations were for the specific imposition of 11 1⁄2 years. The state wants to say there really is an open plea because the state used the word recommend. But that was all understood that an 11 1⁄2-year sentence was going to be imposed. If this was a recommendation, there would have been a PSI. There would have been a separate sentencing hearing. And that was not done. Everybody on that point really was on the same page about this is a negotiated guilty plea. And so it really comes down to this is just confusing, and the court did not sufficiently make that record and inform the defendant fully about what his negotiations were, what he was agreeing to, and therefore what the plea was. And we would ask your honors to simply reduce the sentence to 9 1⁄2 years in prison as the remedy that was provided in Whitfield. There are no questions, your honors. Thank you. Thank you all for your briefs and your arguments. We're going to take this case under advisement. We'll render a decision in due course. Court's in recess until 9 o'clock tomorrow morning. Good.